UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

FILED
CLERK'S BANKRUPTCY COURT
06 MAR 22 PM 12: 06
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WANDA GORDON and ARTRICE GORDON, | ) | Case No. 05-17767 |
| | ) | |
| | ) | Judge Arthur I. Harris |
| Debtors. | ) | |

MEMORANDUM OF OPINION

In a memorandum of opinion and order (Dockets ##49-50) dated February 8, 2006, this Court held that "Yolanda Abouelhana, doing business as Good Deal Used Cars, willfully violated the stay, and the Gordons are entitled to actual damages, including costs and attorney fees, resulting from Abouelhana's refusal to return the Audi after October 28, 2005." The Court requested further evidence regarding what actual damages the debtors incurred. The debtors have now filed two affidavits to support their claim for actual damages (Dockets ##53-54). Abouelhana has filed an opposition (Docket #60) and several affidavits in support (Dockets ##55-57). For the following reasons, the Court will enter judgment in favor of the debtors and against Yolanda Abouelhana in the amount of $1,036 as actual damages under former 11 U.S.C. § 362(h). No punitive damages will be awarded.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## DISCUSSION

Because this case was filed prior to October 17, 2005, former subsection 362(h) (now subsection (k) after the 2005 bankruptcy amendments) is applicable and provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

This Court's prior memorandum of opinion and order found that Yolanda Abouelhana willfully violated the stay by refusing to return the debtors' 1996 Audi after October 28, 2005. The Court further indicated that punitive damages would not be awarded if the Audi was promptly returned but debtors were entitled to actual damages "to be determined."

The debtors submitted an affidavit from their counsel, Mr. Angel, setting forth attorney's fees of $1,036 for 7.4 hours of work since October 28, 2005, at an hourly rate at $140. Counsel's affidavit also stated that the Audi was returned. In

2

addition, Artrice Gordon filed an affidavit stating that as a result of the stay violation he had to rent a car and incurred $1,142.28 in rental fees from October 28, 2005, to February 9, 2006. The affidavit also indicated that the debtors' car broke down en route to the show cause hearing of January 12, 2006, resulting in a towing bill of $75. Artrice Gordon attached the towing receipt but indicated that a "copy of a bill related to the rental vehicle is unavailable at this time."

Abouelhana filed a brief in opposition. Abouelhana argued that the Court should not award any actual damages because the debtors' damages were caused by their own actions – their initial failure to give proper notice of their bankruptcy filing. Abouelhana also submitted her own affidavit and an affidavit from her counsel and an employee of her counsel. These affidavits state that Abouelhana and her counsel attempted to locate the business where Artrice Gordon claimed to have rented his replacement car but no business could be located.

The Court rejects Abouelhana's renewed argument that no damages should be awarded. As previously stated in the memorandum of opinion and order of February 8, 2006, the Court recognizes that Abouelhana did not initially receive proper notice of the Gordons' bankruptcy. Thus, the Court only found a willful stay violation after Abouelhana received notice on October 28, 2006, and only

3

awarded actual damages arising after October 28, 2006. In addition, as the Court has repeatedly cautioned, Abouelhana's refusal to return the Audi after being advised of the Gordons' bankruptcy was done at her own peril.

Abouelhana has not challenged the reasonableness of Mr. Angel's attorney's fees. The Court finds that the $1,036 in attorney's fees are reasonable. The Court will not award any other actual damages. Debtors have failed to provide any documentation of their rental car, and their car problems and towing expense were not damages arising out of the willful stay violation. The Audi was returned promptly after the Court issued its memorandum of opinion and order on February 8, 2006, so punitive damages are not warranted.

## CONCLUSION

For the foregoing reasons, the Court enters judgment in favor of the debtors and against Yolanda Abouelhana in the amount of $1,036 as actual damages under former 11 U.S.C. § 362(h).

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge